**ALPINE GULF, INC., et al., Appellants,**

v.

**Salvatore VALENTINO, Appellee.**

**No. 1822.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 22, 1978.

Rehearing Denied March 15, 1978.

Kenneth M. Morris, Morris & Campbell, Houston, Gifford, Woody, Carter & Hays, New York City, for appellants.

R. Hayden Burns, Butler, Binion, Rice, Cook & Knapp, Houston, John F. Triggs, Glass, Greenberg, Irwin, Pellman & Slade, New York City, for appellee.

CIRE, Justice.

Alpine Gulf, Incorporated and its parent company, Alpine Geophysical Associates, Incorporated, appeal from an order granting a temporary injunction prohibiting the transfer of assets from Alpine Gulf to either Alpine Geophysical or any of Alpine Geophysical's subsidiaries.

Plaintiff-appellee Salvatore Valentino filed his original petition on December 14, 1977 seeking a temporary restraining order, temporary injunction, and ultimately a permanent injunction against Alpine Gulf and Alpine Geophysical. Appellee alleged that he had purchased nineteen percent of Alpine Gulf's stock, worth $190,000, and had loaned the same company $95,000. He claimed that these investments were induced by fraud and misrepresentation on the part of Alpine Gulf and Geophysical. Valentino further alleged that in September of 1977 he had entered into a contract with appellants which gave him the right to recoup all of his money, and that in November of 1977, he had exercised his rights under the September contract. Valentino additionally accused Alpine Gulf and Geophysical and the companies' officers, directors and management of conspiring to loot Alpine Gulf of its assets and transferring and attempting to transfer such assets to Geophysical. Valentino, in his prayer, asked that upon final hearing, the temporary injunction be made permanent; requested a judgment ordering specific performance of the alleged obligations, and a damage award.

Defendants-appellants Alpine Gulf and Alpine Geophysical filed an answer and special exceptions to Valentino's petition, claiming, among other things, that his petition should be abated and dismissed because of a prior action previously filed by Valentino in the United States District Court, Southern District of New York, involving the same parties and same ultimate relief. This New York action had been filed five days prior to the filing of this suit.

The trial court in December 1977 granted the temporary restraining order and, after hearing the temporary injunction application, entered an order enjoining Alpine Gulf from transferring any of the assets or any of the proceeds of any loans made to Alpine Gulf, Inc., from Alpine Gulf, Inc., to Alpine Geophysical Associates, Inc., its officers and directors or any companies that they control including but not limited to Radmar Trading Corp. Thus, the order prohibits the transfer of any assets from Alpine Gulf, whether legitimate or not, to Alpine Geophysical or any of Alpine's subsidiaries.

■ Appellants, in their brief, assert six points of error. Point of error five alleges that the trial court erred in granting the temporary injunction because the suit should have been stayed pending ultimate adjudication of the New York suit. We agree that the trial court abused its discretion when it refused to stay the suit. *See Evans v. Evans*, 186 S.W.2d 277 (Tex.Civ. App.—San Antonio 1945, no writ). The trial court, as a matter of comity, should have stayed this action. In *Mills v. Howard*, 228 S.W.2d 906 (Tex.Civ.App.—Amarillo 1950, no writ), the Court of Civil Appeals for the 7th District discussed the principle:

As a matter of comity . . . it is the custom for the court in which the later action is instituted to stay proceedings therein until the prior action is determined or, at least, for a reasonable time, and the custom has practically grown into a general rule which strongly urges the duty upon the court in which the subsequent action is instituted to do so. [citations omitted].

The reason for the rule is that every country or state is entirely sovereign and unrestricted in its powers, whether legislative, judicial or executive, and it therefore does not acknowledge the right of any other state or country to hinder its own sovereign acts or proceedings. For that reason the courts of a state or country in which a second suit is instituted will not dismiss a suiter merely because another suit is pending elsewhere. If the rule were otherwise and the instant case were dismissed, appellant not having answered in the New Mexico case, appellee could dismiss it and thus leave appellant

without a forum in either jurisdiction. In such cases the rule of comity should be observed, however, unless it is apparent that fraud, sinister motive, inattention or unnecessary delay is shown on the part of the plaintiff or the court of the foreign jurisdiction. It is a salutary rule because, if the determination of the suit in the foreign jurisdiction is in favor of the plaintiff there, he may plead it in bar of the local action. On the other hand, if he is the loser in the foreign suit, the plaintiff in the local action necessarily is the prevailing party in the foreign suit and further litigation on his part is not necessary. 228 S.W.2d at 908. In this case, counsel for appellee filed suit in New York, then five days later filed suit in Texas seeking the same ultimate relief. Therefore, as a matter of comity, the Texas action should be stayed.

Appellants, in point of error number six, claim that the trial court erred in granting the temporary injunction because no evidence was presented to warrant a finding of probable irreparable injury. We agree. Leaving aside the lack of any proof to justify the appellee's allegation that Geophysical is looting Alpine Gulf, if the obligations are ultimately proved on trial and Alpine Gulf is unable to repay these obligations, then Alpine Geophysical, as guarantor, will be required to do so. Due to this joint obligation there is no showing of probable injury; no showing that without an injunction Alpine Geophysical might not be able to pay the obligation. Such failure to prove probable injury renders the issuance of the temporary injunction improper. *See Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953).

Because of our ruling it is unnecessary to consider appellants' additional points of error and we express no opinion thereon. The judgment of the trial court is reversed; the injunction is dissolved and the trial court is instructed to stay this suit pending ultimate adjudication or disposition of the New York suit.

Reversed and remanded and injunction dissolved, with instructions to stay suit pending ultimate adjudication or disposition of the New York suit.