Affirmed and Opinion filed November 10, 2005









Affirmed and Opinion filed November 10, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-00350-CV

____________

 

AUTONATION, INC.
AND AUTO M. IMPORTS NORTH LTD. D/B/A MERCEDES-BENZ OF HOUSTON-NORTH, Appellants

 

V.

 

GARRICK HATFIELD
AND A-ROD OC, L.P., Appellees

 



 

On Appeal from the 189th
District Court

Harris County, Texas

Trial Court Cause No. 05-14917

 



 

O P I N I O N

This is an accelerated appeal from a temporary
injunction.  Trial court proceedings have
been stayed until disposition of the appeal. 
Appellants challenge the trial court=s order granting a temporary
injunction.  We affirm.








Appellee Garrick Hatfield was formerly employed in Texas by
appellant Auto M. Imports, which is owned by appellant Autonation.[1]  When hired by Autonation, Hatfield signed an
employment contract and a second contract that included a non-compete
agreement.  The non-compete agreement
contained a forum selection provision requiring lawsuits to be filed in Broward
County, Florida.  In January 2005,
Hatfield resigned from his position at Autonation and told management he was
accepting a position with appellee A-Rod OC, Ltd., which is another auto
dealership.  After Hatfield began
employment with A-Rod, Autonation filed suit against Hatfield in Florida,
alleging breach of the non-compete agreement.

Approximately one month later, Hatfield filed suit against
Autonation in Texas, seeking a declaratory judgment that the non-compete
agreement was unenforceable.  Hatfield
also filed an application for a temporary injunction to prevent Autonation from
enforcing the non-compete agreement in the Florida court.  Autonation filed a response, requesting
dismissal or a stay of the suit pending disposition of the Florida action.  The trial court denied all requests but
indicated that the case would be set for a quick trial.  In a telephone hearing the next day, Hatfield
claimed Autonation had filed a pleading in the Florida action that interfered
with Texas=s jurisdiction.  The trial court signed an order granting the
temporary injunction, which restrained Autonation from taking any further
action in the Florida lawsuit. 
Autonation was also restricted from re-filing its non-compete suit in
any court outside of Texas.

Autonation claims the trial court abused its discretion in
granting the anti-suit injunction. 
Specifically, Autonation claims the trial court=s ruling furthered improper
invocation of the Texas Declaratory Judgment Act, ignored principles of comity,
interfered with the Florida court=s dominant jurisdiction, and failed
to enforce the parties= selected forum. 
During oral argument, Autonation raised the additional argument that the
trial court=s order is void because it does not
meet the requirements of Texas Rule of Civil Procedure 683.








The principle of comity requires courts to enjoin foreign
suits Asparingly, and only in very special
circumstances.@ 
Christensen v. Integrity Ins. Co., 719 S.W.2d 161, 163 (Tex.
1986).  An anti-suit injunction is
proper in four instances: A1) to address a threat to the court=s jurisdiction; 2) to prevent the
evasion of important public policy; 3) to prevent a multiplicity of suits; or
4) to protect a party from vexatious or harassing litigation.@ 
Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex.
1996).  The party seeking the injunction
must show that clear equity entitles him to the injunction.  Id. 
A single parallel proceeding in a foreign forum does not constitute a
multiplicity of suits, nor does it constitute clear equity.  Id.

The Texas Supreme Court has said that a mirror image
proceeding does not constitute a special circumstance requiring an anti-suit
injunction.  Id.  A parallel suit must be allowed to proceed Aabsent some other circumstances which
render an injunction necessary >to prevent an irreparable miscarriage of justice.=@ 
Id. at 652 (quoting Gannon v. Payne, 706 S.W.2d 304, 307
(Tex. 1986)).[2]  Appellees contend the anti-suit injunction
was necessary to prevent evasion of fundamental Texas public policy regarding
enforcement of non-competition agreements under DeSantis v. Wackenhut Corp.,
793 S.W.2d 670 (Tex. 1990).  Appellees
argue that the Florida court will apply Florida law, which is sufficient to
show that an irreparable miscarriage of justice would occur without an
injunction.








In DeSantis, the supreme court held that the issue of
whether non-compete agreements are reasonable restraints upon employees in this
state is a matter of Texas public policy and that this policy is fundamental
because it ensures a uniform rule for enforcement of such agreements in this
state.  Id. at 680B81. 
Because the enforcement of non-compete agreements involves a fundamental
Texas policy and because applying another state=s law would be contrary to that
policy under the circumstances of the case, the DeSantis court held that
Texas law must apply.  Id. at 681.

Appellees presented the trial court with a Florida case that
involved a non-competition agreement between Autonation and a Texas
defendant.  See AutoNation, Inc. v.
Hankins, No. 03-14544 CACE (05), 2003 WL 22852206 (Fla. Cir. Ct.
2003).  In Hankins, the Florida
court addressed the Texas defendant=s claim that Texas law should
apply.  Id. at *7.  Hankins argued that the parties= contractual choice of law should not
be honored because, based on DeSantis, Texas has a materially greater
interest in deciding whether the agreement should be enforced.  Id. 
The Florida court noted that in Florida, a choice of law provision is
presumptively valid unless the law of the chosen forum contravenes the strong
public policy of the forum state.  Id.  The court, finding that Hankins had not
proven that Aapplying Florida law to this dispute
contravenes strong Florida public policy,@ held that the parties= choice of Florida law would
control.  Id.  Applying Florida law, the court found that
Autonation had met its prima facie burden of showing that the non-compete
agreement was enforceable.  Id. at
*9B12.

Based on Hankins, appellees claim they have
established that a Florida court will apply Florida rather than Texas law and
that the Florida court will uphold the non-compete covenant.  We agree with appellees that Hankins demonstrates
the Florida court would apply Florida law to the suit concerning enforcement of
the non-competition agreement. 
Furthermore, because the law of Florida rather than Texas would be
applied in the Florida lawsuit concerning enforcement of the non-compete
agreement, a fundamental Texas public policy, as enunciated in DeSantis,
would be subverted.  Thus, Autonation
has not established that the trial court abused its discretion in enjoining the
proceeding in Florida.[3]








Autonation also asserts that the trial court abused its
discretion in issuing the injunction because the injunction allowed improper
invocation of the Texas Declaratory Judgment Act and ignored principles of
comity.  These arguments were raised in Space
Master International, Inc. v. Porta-Kamp Manufacturing Co., 794 S.W.2d 944
(Tex. App.BHouston [1st Dist.] 1990, no writ), a
case involving three suits pending in Texas, New Jersey, and
Massachusetts.  The Texas suit was a
declaratory judgment action asserting that the contracts were usurious.  Id. at 945.  In that case, on appeal from the trial court=s grant of appellee=s motion to dismiss, the appellate
court affirmed and noted that in addition to comity, an action for declaratory
judgment A>will not be entertained if there is
pending, at the time it is filed, another action or proceeding between the same
parties and in which may be adjudicated the issues involved in the declaratory
action.=@ 
Id. at 946B47 (quoting Tex. Liquor Control Bd. v. Canyon Creek Land
Corp., 456 S.W.2d 891, 895 (Tex. 1970)). 
The court further noted that Space Master should not be allowed to use
declaratory relief as a means of forum-shopping.  Id. at 948.








Autonation argues that Space Master applies to this
case and that we should find the injunction issued by the trial court improper
because it violates the principles of comity[4]
and allows appellees to use declaratory relief as a means of forum
shopping.  Space Master, however,
did not involve a matter of fundamental public policy, and we find this to
be a crucial distinction.  Because the Texas
Supreme Court has held that fundamental Texas public policy requires
application of Texas law to the question of enforceability of a non-compete
agreement, we are unable to hold that the trial court abused its discretion in
issuing an injunction to halt the Florida proceeding and allow the Texas case
to proceed to trial.

Finally, we turn to Autonation=s argument that the trial court=s order does not meet the
requirements of Texas Rule of Civil Procedure 683, which governs temporary
injunction orders.  Appellees have filed
a post-submission brief challenging this argument, claiming Autonation waived
it by failing to preserve error in the trial court or raise this argument in
its brief.  Autonation responds that the
failure to comply with the requirements of Rule 683 renders the trial court=s order void and that defects that
render an injunction order void cannot be waived.

This court has held that the failure of a temporary
injunction order to meet the requirements of Rule 683 renders it void and
requires reversal even if this issue is not timely raised.  See, e.g., Arrechea v. Plantowsky,
705 S.W.2d 186, 189 (Tex. App.BHouston [14th Dist.] 1985, no writ).  Thus, we agree with Autonation that we must
address this issue.

To obtain a temporary injunction, a party must usually plead
and prove the following elements: (1) a cause of action against the defendant,
(2) a probable right to relief, and (3) a probable, imminent, and irreparable
injury in the interim.  Butnaru v.
Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002).  However, the order need only state why injury
will occur if a temporary injunction is not granted.  State v. Cook United, Inc., 464 S.W.2d
105, 106 (Tex. 1971). 








Rule 683 requires an order granting an injunction to (1)
state the reasons for its issuance, (2) be specific in its terms, (3) describe
in reasonable detail the act or acts sought to be restrained, and (4) bind only
the parties to the action, their officers, agents, employees and attorneys, and
those persons in active concert with them who receive actual notice of the
order.  Tex.
R. Civ. P. 683.  Merely stating
that a party Awill suffer irreparable harm@ or Ahas no adequate remedy at law@ does not meet the Rule 683 requirement
for specificity.  Byrd Ranch, Inc. v.
Interwest Sav. Ass=n,
717 S.W.2d 452, 454 (Tex. App.BFort Worth 1986, no writ).

The order in this case provides a lengthy discussion as to
why appellees will be injured if the injunction does not issue:

Specifically, the Court finds that Plaintiffs will be
injured by the prosecution of litigation in Florida.  Such litigation could be carried through to
conclusion, judgment entered and Texas forced to respect such judgment pursuant
to the Full Faith and Credit Clause of the United States Constitution.  Such damage would be irreparable because litigation
in Florida will likely apply a legal standard contrary to the public policy of
this state as set out more specifically in DeSantis v. Wackenhut Corp.,
793 S.W.2d 670, 681 (Tex. 1990); Tex. Bus. & Comm. Code ' 15.50. 
Notably, Plaintiffs have cited this Court to a case involving AutoNation
and a Texas resident where precisely that result occurred.  AutoNation, Inc. v. Hankins, 2003 WL
22852206 (Fl. Cir. Ct., Nov. 24, 2003).

According to caselaw, Florida appears interested only
in whether the parties= choice of law offends Florida=s public policy, not that of any other state.  Thus, by litigating in Florida under Florida
law, Texas public policy may be thwarted by obtaining enforcement in Florida of
restrictive covenants involving Texas citizens [and] Texas places of business
that would not be enforceable in Texas.

Prosecution of AutoNation=s Florida litigation threatens to deprive Plaintiffs of
rights to have the covenant not to compete tested under Texas law.  Were this Court to permit Defendants to
litigate in Florida, Plaintiffs would be left with no adequate remedy at law.  Injunctive relief is therefore the only
remaining appropriate remedy.  








On April 6,
the day after a lengthy hearing in this Court[,] Defendants evidently sought
emergency relief in Florida to enforce the covenant not to compete under
Florida law.  Texas public policy will
likely be thwarted if AutoNation is permitted to litigate enforceability of the
restrictive covenants solely in Florida and solely under Florida law.  These are Texas public policy questions for
resolution by a Texas court applying Texas law. 
If AutoNation is permitted to proceed in Florida and the court there
enters any form of injunction against Hatfield based upon Florida law, both
Plaintiffs will suffer irreparable injury. 
An injunction issued in Florida would restrain Hatfield from working in
Texas for whomever he chooses even though it is probable the covenant not to
compete is unenforceable in Texas.

 

Autonation
complains that the order is speculative because it notes that appellees Aevidently sought emergency relief in
Florida.@ 
Autonation further asserts that the trial court abused its discretion by
basing the order on arguments raised in a non-evidentiary telephonic hearing,
resulting in an order that is necessarily conclusory.

In
determining whether an order is sufficiently specific about the probable injury
to be suffered, we look only to the order itself.  The issues of whether the trial court failed
to hold a second evidentiary hearing or whether there was sufficient evidence
to support the order do not concern the specific injury requirement of Rule
683.  Autonation did not raise these
additional issues in its brief, and we conclude that they are waived.

We
find the order in this case meets the Rule=s requirement of specificity.  The order identifies the probable injury that
will be suffered by appellees, why the injury is irreparable, and why appellees
will have no adequate legal remedy if the injunction does not issue.  The order describes the Texas public policy,
explains why Florida would not apply Texas law, and states that the injury to
appellees would be appellees= inability to litigate the issue of enforceability of the
non-compete clause under Texas law.  This
order is sufficiently specific to meet the requirements of Rule 683.

Because
appellants have not established the trial court abused it discretion, we affirm
the trial court=s order granting a temporary injunction.

 

 

/s/        Leslie
Brock Yates

Justice

Judgment rendered and Opinion filed November 10, 2005.

Panel consists of Justices Yates, Anderson, and Hudson.











[1]  Appellants will
be collectively referred to as AAutonation.@





[2]  In Alpine
Gulf, Inc. v. Valentino, 563 S.W.2d 358, 359B60 (Tex.
App.BHouston [14th Dist.] 1978, writ ref=d n.r.e.), this court held that it was an abuse of
discretion to refuse to stay a suit filed in Texas because the first-filed suit
between the same parties and for the same ultimate relief was pending in New
York.  Alpine Gulf did not involve
an anti-suit injunction, and the same party had filed both lawsuits.  See id. at 359B60 (citing to two family law cases, Evans v. Evans,
186 S.W.2d 277 (Tex. Civ. App.BSan Antonio 1945, no writ) and Mills v. Howard,
228 S.W.2d 906 (Tex. Civ. App.BAmarillo 1950, no writ)).

 





[3]  Because the
United States Supreme Court has held that contravention of a strong public
policy is an exception to enforcement of a forum selection clause, M/S
Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972), appellees= showing that Florida would apply Florida rather than
Texas law to the non-compete agreement also supports the enjoining of the
proceeding in the parties= contractually selected forum of Florida.  See also Holeman v. Nat=l Business Inst., Inc., 94 S.W.3d 91, 99 (Tex. App.BHouston [14th Dist.] 2002, pet. denied) (holding that
appellant failed to establish abuse of discretion in dismissal of Texas suit in
which appellant failed to show Georgia would refuse to apply Texas law).





[4]  Regarding
Autonation=s claim that the trial court violated principles of
comity, appellees assert that Texas need not extend comity to a sister state
where the foreign sovereign would impose a result that violates Texas=s own public policy. 
In K.D.F. v. Rex, 878 S.W.2d 589 (Tex. 1994), the court addressed
the issue of whether the Kansas had extended comity and recognized the
sovereignty of Texas or other states under similar circumstances.  Id. at 594.  Because the real party in interest was unable
to show that Kansas would not extend comity, the court treated Kansas as a
cooperative jurisdiction and determined that Texas should extend comity to
Kansas provided Kansas law does not violate Texas public policy.  Id. at 595.

Appellees assert that Florida will not extend comity
to Texas under similar circumstances. 
However, as with the real party in K.D.F., appellees present no
cases supporting that argument. 
Appellees again cite to the Hankins case, but Hankins did
not concern the principles of comity; it concerned other issues, such as choice
of law.  See Hankins, 2003
WL 22852206, at *1.  Nonetheless, the
trial court could have determined from Hankins that Florida will apply
Florida and not Texas law.  The trial
court further could have found that application of Florida law to this case
would violate Texas fundamental public policy under DeSantis.