**AUTONATION, INC. and Auto M. Imports North Ltd. d/b/A Mercedes–Benz of Houston–North, Appellants,**

**v.**

**Garrick HATFIELD and A–Rod OC, L.P., Appellees.**

**No. 14–05–00350–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 10, 2005.

Rehearing Overruled Feb. 2, 2006.

Ruth Ann Norton Daniels, Amanda M. Inabnett, for appellants.

Andrew S. Golub, J. W. Beverly, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON, and HUDSON.

## OPINION

LESLIE BROCK YATES, Justice.

This is an accelerated appeal from a temporary injunction. Trial court proceedings have been stayed until disposition of the appeal. Appellants challenge the trial court's order granting a temporary injunction. We affirm.

Appellee Garrick Hatfield was formerly employed in Texas by appellant Auto M. Imports, which is owned by appellant Autonation.[1] When hired by Autonation, Hatfield signed an employment contract and a second contract that included a non-compete agreement. The non-compete agreement contained a forum selection provision requiring lawsuits to be filed in Broward County, Florida. In January 2005, Hatfield resigned from his position at Autonation and told management he was accepting a position with appellee A–Rod OC, Ltd., which is another auto dealership. After Hatfield began employment with A–Rod, Autonation filed suit against Hatfield in Florida, alleging breach of the non-compete agreement.

Approximately one month later, Hatfield filed suit against Autonation in Texas, seeking a declaratory judgment that the non-compete agreement was unenforceable. Hatfield also filed an application for a temporary injunction to prevent Autonation from enforcing the non-compete agreement in the Florida court. Autonation filed a response, requesting dismissal or a stay of the suit pending disposition of the Florida action. The trial court denied all requests but indicated that the case would be set for a quick trial. In a telephone hearing the next day, Hatfield claimed Autonation had filed a pleading in the Florida action that interfered with Texas's jurisdiction. The trial court signed an order granting the temporary injunction, which restrained Autonation from taking any further action in the Florida lawsuit. Autonation was also restricted from re-filing its non-compete suit in any court outside of Texas.

■ Autonation claims the trial court abused its discretion in granting the anti-suit injunction. Specifically, Autonation claims the trial court's ruling furthered improper invocation of the Texas Declaratory Judgment Act, ignored principles of comity, interfered with the Florida court's dominant jurisdiction, and failed to enforce the parties' selected forum. During oral argument, Autonation raised the additional argument that the trial court's order is void because it does not meet the requirements of Texas Rule of Civil Procedure 683.

■ The principle of comity requires courts to enjoin foreign suits "sparingly, and only in very special circumstances." *Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161, 163 (Tex.1986). An anti-suit injunction is proper in four instances: "1) to address a threat to the court's jurisdiction; 2) to prevent the evasion of important public policy; 3) to prevent a multiplicity of suits; or 4) to protect a party from vexatious or harassing litigation." *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex.1996). The party seeking the injunction must show that clear equity entitles him to the injunction.

---

1. Appellants will be collectively referred to as "Autonation."

*Id.* A single parallel proceeding in a foreign forum does not constitute a multiplicity of suits, nor does it constitute clear equity. *Id.*

█ The Texas Supreme Court has said that a mirror image proceeding does not constitute a special circumstance requiring an anti-suit injunction. *Id.* A parallel suit must be allowed to proceed "absent some other circumstances which render an injunction necessary 'to prevent an irreparable miscarriage of justice.' " *Id.* at 652 (quoting *Gannon v. Payne,* 706 S.W.2d 304, 307 (Tex.1986)).[2] Appellees contend the anti-suit injunction was necessary to prevent evasion of fundamental Texas public policy regarding enforcement of non-competition agreements under *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670 (Tex. 1990). Appellees argue that the Florida court will apply Florida law, which is sufficient to show that an irreparable miscarriage of justice would occur without an injunction.

In *DeSantis,* the supreme court held that the issue of whether non-compete agreements are reasonable restraints upon employees in this state is a matter of Texas public policy and that this policy is fundamental because it ensures a uniform rule for enforcement of such agreements in this state. *Id.* at 680–81. Because the enforcement of non-compete agreements involves a fundamental Texas policy and because applying another state's law would be contrary to that policy under the circumstances of the case, the *DeSantis* court held that Texas law must apply. *Id.* at 681.

Appellees presented the trial court with a Florida case that involved a non-competition agreement between Autonation and a Texas defendant. *See AutoNation, Inc. v. Hankins,* No. 03–14544 CACE (05), 2003 WL. 22852206 (Fla.Cir.Ct.2003). In *Hankins,* the Florida court addressed the Texas defendant's claim that Texas law should apply. *Id.* at *7. Hankins argued that the parties' contractual choice of law should not be honored because, based on *DeSantis,* Texas has a materially greater interest in deciding whether the agreement should be enforced. *Id.* The Florida court noted that in Florida, a choice of law provision is presumptively valid unless the law of the chosen forum contravenes the strong public policy of the forum state. *Id.* The court, finding that Hankins had not proven that "applying Florida law to this dispute contravenes strong Florida public policy," held that the parties' choice of Florida law would control. *Id.* Applying Florida law, the court found that Autonation had met its prima facie burden of showing that the non-compete agreement was enforceable. *Id.* at *9–12.

Based on *Hankins,* appellees claim they have established that a Florida court will apply Florida rather than Texas law and that the Florida court will uphold the non-compete covenant. We agree with appellees that *Hankins* demonstrates the Florida court would apply Florida law to the suit concerning enforcement of the non-competition agreement. Furthermore, because the law of Florida rather than Texas would be applied in the Florida lawsuit concerning enforcement of the non-compete agreement, a fundamental Texas pub-

---

**2.** In *Alpine Gulf, Inc. v. Valentino,* 563 S.W.2d 358, 359–60 (Tex.App.-Houston [14th Dist.] 1978, writ ref'd n.r.e.), this court held that it was an abuse of discretion to refuse to stay a suit filed in Texas because the first-filed suit between the same parties and for the same ultimate relief was pending in New York. *Al-* *pine Gulf* did not involve an anti-suit injunction, and the same party had filed both lawsuits. *See id.* at 359–60 (citing to two family law cases, *Evans v. Evans,* 186 S.W.2d 277 (Tex.Civ.App.-San Antonio 1945, no writ) and *Mills v. Howard,* 228 S.W.2d 906 (Tex.Civ. App.-Amarillo 1950, no writ)).

lic policy, as enunciated in *DeSantis,* would be subverted. Thus, Autonation has not established that the trial court abused its discretion in enjoining the proceeding in Florida.[3]

Autonation also asserts that the trial court abused its discretion in issuing the injunction because the injunction allowed improper invocation of the Texas Declaratory Judgment Act and ignored principles of comity. These arguments were raised in *Space Master International, Inc. v. Porta–Kamp Manufacturing Co.,* 794 S.W.2d 944 (Tex.App.-Houston [1st Dist.] 1990, no writ), a case involving three suits pending in Texas, New Jersey, and Massachusetts. The Texas suit was a declaratory judgment action asserting that the contracts were usurious. *Id.* at 945. In that case, on appeal from the trial court's grant of appellee's motion to dismiss, the appellate court affirmed and noted that in addition to comity, an action for declaratory judgment " 'will not be entertained if there is pending, at the time it is filed, another action or proceeding between the same parties and in which may be adjudicated the issues involved in the declaratory action.' " *Id.* at 946–47 (quoting *Tex. Liquor Control Bd. v. Canyon Creek Land Corp.,* 456 S.W.2d 891, 895 (Tex.1970)). The court further noted that Space Master should not be allowed to use declaratory relief as a means of forum-shopping. *Id.* at 948.

Autonation argues that *Space Master* applies to this case and that we should find the injunction issued by the trial court improper because it violates the principles of comity [4] and allows appellees to use declaratory relief as a means of forum shopping. *Space Master,* however, did not involve a matter of fundamental public policy, and we find this to be a crucial distinction. Because the Texas Supreme Court has held that fundamental Texas public policy requires application of Texas law to the question of enforceability of a non-compete agreement, we are unable to hold that the trial court abused its discretion in

3. Because the United States Supreme Court has held that contravention of a strong public policy is an exception to enforcement of a forum selection clause, *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), appellees' showing that Florida would apply Florida rather than Texas law to the non-compete agreement also supports the enjoining of the proceeding in the parties' contractually selected forum of Florida. *See also Holeman v. Nat'l Business Inst., Inc.,* 94 S.W.3d 91, 99 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) (holding that appellant failed to establish abuse of discretion in dismissal of Texas suit in which appellant failed to show Georgia would refuse to apply Texas law).

4. Regarding Autonation's claim that the trial court violated principles of comity, appellees assert that Texas need not extend comity to a sister state where the foreign sovereign would impose a result that violates Texas's own public policy. In *K.D.F. v. Rex,* 878 S.W.2d 589 (Tex.1994), the court addressed the issue of whether the Kansas had extended comity and recognized the sovereignty of Texas or other states under similar circumstances. *Id.* at 594. Because the real party in interest was unable to show that Kansas would not extend comity, the court treated Kansas as a cooperative jurisdiction and determined that Texas should extend comity to Kansas provided Kansas law does not violate Texas public policy. *Id.* at 595.

Appellees assert that Florida will not extend comity to Texas under similar circumstances. However, as with the real party in *K.D.F.,* appellees present no cases supporting that argument. Appellees again cite to the *Hankins* case, but *Hankins* did not concern the principles of comity; it concerned other issues, such as choice of law. *See Hankins,* 2003 WL 22852206, at *1. Nonetheless, the trial court could have determined from *Hankins* that Florida will apply Florida and not Texas law. The trial court further could have found that application of Florida law to this case would violate Texas fundamental public policy under *DeSantis.*

issuing an injunction to halt the Florida proceeding and allow the Texas case to proceed to trial.

■ Finally, we turn to AutoNation's argument that the trial court's order does not meet the requirements of Texas Rule of Civil Procedure 683, which governs temporary injunction orders. Appellees have filed a post-submission brief challenging this argument, claiming Autonation waived it by failing to preserve error in the trial court or raise this argument in its brief. Autonation responds that the failure to comply with the requirements of Rule 683 renders the trial court's order void and that defects that render an injunction order void cannot be waived.

This court has held that the failure of a temporary injunction order to meet the requirements of Rule 683 renders it void and requires reversal even if this issue is not ·timely raised. *See, e.g., Arrechea v. Plantowsky,* 705 S.W.2d 186, 189 (Tex. App.-Houston [14th Dist.] 1985, no writ). Thus, we agree with Autonation that we must address this issue.

■ To obtain a temporary injunction, a party must usually plead and prove the following elements: (1) a cause of action against the defendant, (2) a probable right to relief, and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 204 (Tex.2002). However, the order need only state why injury will occur if a temporary injunction is not granted. *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex.1971).

■ Rule 683 requires an order granting an injunction to (1) state the reasons for its issuance, (2) be specific in its terms, (3) describe in reasonable detail the act or acts sought to be restrained, and (4) bind only the parties to the action, their officers, agents, employees and attorneys, and those persons in active concert with them who receive actual notice of the order. Tex.R. Civ. P. 683. Merely stating that a party "will suffer irreparable harm" or "has no adequate remedy at law" does not meet the Rule 683 requirement for specificity. *Byrd Ranch, Inc. v. Interwest Sav. Ass'n,* 717 S.W.2d 452, 454 (Tex.App.-Fort Worth 1986, no writ).

The order in this case provides a lengthy discussion as to why appellees will be injured if the injunction does not issue:

Specifically, the Court finds that Plaintiffs will be injured by the prosecution of litigation in Florida. Such litigation could be carried through to conclusion, judgment entered and Texas forced to respect such judgment pursuant to the Full Faith and Credit Clause of the United States Constitution. Such damage would be irreparable because litigation in Florida will likely apply a legal standard contrary to the public policy of this state as set out more specifically in *DeSantis v. Wackenhut Corp.,* 793 S.W.2d 670, 681 (Tex.1990); Tex. Bus. & Comm.Code § 15.50. Notably, Plaintiffs have cited this Court to a case involving AutoNation and a Texas resident where precisely that result occurred. *AutoNation, Inc. v. Hankins,* 2003 WL 22852206 (Fl.Cir.Ct., Nov. 24, 2003).

According to caselaw, Florida appears interested only in whether the parties' choice of law offends Florida's public policy, not that of any other state. Thus, by litigating in Florida under Florida law, Texas public policy may be thwarted by obtaining enforcement in Florida of restrictive covenants involving Texas citizens [and] Texas places of business that would not be enforceable in Texas.

Prosecution of AutoNation's Florida litigation threatens to deprive Plaintiffs of rights to have the covenant not to

compete tested under Texas law. Were this Court to permit Defendants to litigate in Florida, Plaintiffs would be left with no adequate remedy at law. Injunctive relief is therefore the only remaining appropriate remedy.

On April 6, the day after a lengthy hearing in this Court[,] Defendants evidently sought emergency relief in Florida to enforce the covenant not to compete under Florida law. Texas public policy will likely be thwarted if AutoNation is permitted to litigate enforceability of the restrictive covenants solely in Florida and solely under Florida law. These are Texas public policy questions for resolution by a Texas court applying Texas law. If AutoNation is permitted to proceed in Florida and the court there enters any form of injunction against Hatfield based upon Florida law, both Plaintiffs will suffer irreparable injury. An injunction issued in Florida would restrain Hatfield from working in Texas for whomever he chooses even though it is probable the covenant not to compete is unenforceable in Texas.

Autonation complains that the order is speculative because it notes that appellees "evidently sought emergency relief in Florida." Autonation further asserts that the trial court abused its discretion by basing the order on arguments raised in a non-evidentiary telephonic hearing, resulting in an order that is necessarily conclusory.

 In determining whether an order is sufficiently specific about the probable injury to be suffered, we look only to the order itself. The issues of whether the trial court failed to hold a second evidentiary hearing or whether there was sufficient evidence to support the order do not concern the specific injury requirement of Rule 683. Autonation did not raise these additional issues in its brief, and we conclude that they are waived.

We find the order in this case meets the Rule's requirement of specificity. The order identifies the probable injury that will be suffered by appellees, why the injury is irreparable, and why appellees will have no adequate legal remedy if the injunction does not issue. The order describes the Texas public policy, explains why Florida would not apply Texas law, and states that the injury to appellees would be appellees' inability to litigate the issue of enforceability of the non-compete clause under Texas law. This order is sufficiently specific to meet the requirements of Rule 683.

Because appellants have not established the trial court abused it discretion, we affirm the trial court's order granting a temporary injunction.