ACCEPTED
03-15-00464-CV
6791249
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/3/2015 4:21:56 PM
JEFFREY D. KYLE
CLERK

NO.   03-15-00464-CV

IN THE COURT OF APPEALS

FOR THE

THIRD SUPREME JUDICIAL DISTRICT

AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/3/2015 4:21:56 PM
JEFFREY D. KYLE
Clerk

VICTORY CHEVAL HOLDINGS, LLC, GARRETT JENNINGS
AND CASTLE CROWN MANAGEMENT, LLC,

*Appellants*

v.

DENNIS ANTOLIK, VICTOR ANTOLIK
and CHEVAL MANOR, INC.,

*Appellees*

**SUPPLEMENT TO APPELLANTS' RESPONSE TO APPELLEES
DENNIS ANTOLIK'S AND CHEVAL MANOR, INC'S
MOTION FOR CONTEMPT
AND REFERRAL TO TRIAL COURT**

TO THE HONORABLE COURT OF APPEALS:

Appellants, Victory Cheval Holdings, LLC, Garrett Jennings and Castle Crown Management, LLC, submit the following Supplement to their Response to Appellees Dennis Antolik's and Cheval Manor, Inc.'s Motion for Contempt and Referral to Trial Court (the "Motion") as follows:

1.      Attached hereto is the Affidavit of Garrett Jennings in support of the factual allegations contained in the Response.

2. In addition to the reasons for denying the Motion set forth in the Response, Appellants would also urge the Court to deny the Response for the reason that the Temporary Injunction is void for failure to meet the mandatory specificity requirements of Rule 683, Texas Rules of Civil Procedure. This is an issue that will be addressed at length in Appellants' Brief on the merits of the appeal, but a summary of the argument is as follows:

**A.** **Texas Rule of Civil Procedure 683**
In pertinent part, Texas Rule of Civil Procedure 683 provides:

> [e]very order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained....[1]

A trial court's order stating its reasons for a temporary injunction must be specific and legally sufficient on its face and not merely conclusory.[2] To comply with Rule 683, a trial court must set out in the order the reasons the court deems it proper to issue the injunction, including the reasons why the applicant will suffer injury if the injunctive relief is not ordered.[3]

"The requirements of Rule 683 are mandatory and must be strictly followed."[4] If a temporary injunction fails to meet the requirements of Rule 683, it is void.[5]

**B.** **The Trial Court's July 16, 2015 Temporary Injunction**

The trial court's temporary injunction recites that it

---

[1] Tex.R.Civ.P. 683.
[2] *Reliant Hosp. Partners, LLC v. Cornerstone Healthcare Grp. Holdings, Inc.*, 374 S.W.3d 488, 495 (Tex.App.-Dallas 2012, pet. denied).
[3] *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 744 (Tex.App.-Dallas 2011, no pet.).
[4] *In re Krueger*, No. 03-12-00838-CV, 2013 WL 2157765, *5 (Tex.App.-Austin May 16, 2013, orig. proceeding) (mem. op.), *quoting, Interfirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).
[5] *Reliant Hosp. Partners, LLC*, 374 S.W.3d at 495, citing, *El Tacaso, Inc.*, 356 S.W.3d at 744.

...is necessary and proper as a temporary injunction in order to prevent harm, injury or loss to the parties, including injury to persons and property, during the pendency of this matter.[6]

## C.    The Trial Court's Injunction is Void.

In the present case, the trial court's injunction is conclusory, and does not specify the reasons why the Antoliks will suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, as a matter of law, the injunction is fatally defective.[7]

WHEREFORE, Appellants respectfully pray that the Motion for Contempt be denied and for general relief.

Respectfully submitted,

*/s/ Kemp Gorthey*

Kemp W. Gorthey
State Bar No. 08221275
Kendall L. Bryant
State Bar No. 24058660
THE GORTHEY LAW FIRM
604 West 12th Street
Austin, Texas 78701
Tele: 512/236-8007
Fax: 512/479-6417
Email: kemp@gortheylaw.com
Email: kendall@gortheylaw.com

---

[6]  CR 300.

[7]  *El Tacaso, Inc.*, 356 S.W.3d at 747 (the trial court's temporary injunction simply recited the conclusory statement that the applicant showed that it would suffer an irreparable injury for which it had no other adequate legal remedy, but such conclusory statement did not satisfy the Rule 683 requirement that a temporary injunction order specify the reasons why the applicant will suffer irreparable harm for which there is no adequate remedy at law, and so the Dallas Court of Appeals had no choice but to declare the injunction void); see also, *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (merely stating that a party "will suffer irreparable harm" or "has no adequate remedy at law" does not meet the Rule 683 requirement of specificity).

ATTORNEY FOR APPELLANTS,
GARRETT JENNINGS and
CASTLE CROWN PROPERTIES
MANAGEMENT, LLC

and

*/s/ Peyton Smith*
PEYTON N. SMITH
State Bar No. 18664350
Brian L. King
State Bar No. 24055776
**REED & SCARDINO LLP**
301 Congress Avenue, Suite 1250
Austin, Texas 78701
Tel: 512/474-2449
Fax: 512/474-2622
psmith@reedscardino.com
bking@reedscardino.com
ATTORNEYS FOR APPELLANT,
VICTORY CHEVAL HOLDINGS,
LLC

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing Supplement to Appellants' Response to Appellees Dennis Antolik's and Cheval Manor, Inc.'s Motion for Contempt and for Referral to Trial Court has been forwarded to Appellees' attorneys on this 3rd day of September, 2015, as follows:

Cleveland R. Burke          Via Email: cburke@taubesummers.com
Mark Taylor               Via Email: MarkT@hts-law.com
Taube Summers Harrison
Taylor Meinzer Brown LLP
100 Congress Avenue, Suite 1800
Austin, Texas 78701

Donald R. Taylor         Via Email: dtaylor@taylordunham.com
Isabelle M. Antongiorgi   Via Email: ima@taylordunham.com
Taylor, Dunham & Rodriguez, LLP
301 Congress Avenue, Suite 1050
Austin, Texas 78701

# AFFIDAVIT OF GARRETT JENNINGS

BEFORE ME, the undersigned authority, on this day personally appeared Garrett Jennings, who, being by me first duly sworn, deposed and stated:

1. My name is Garrett Jennings. I am over 21 years old and I am competent in all respects to make this affidavit. I have personal knowledge of the facts and matters stated herein, and they are true and correct.

2. I am the Managing Member of Victory Cheval Holdings, LLC and Castle Crown Management, LLC.

3. On July 16, 2015, when the Temporary Injunction was entered in this case, Victory Cheval Holdings, LLC ("VCH") already had an established account at Horizon Bank. We began depositing all revenues from the property into that account and paying all expenses associated with the property out of that account in accordance with Section C1 of the Temporary Injunction. We also attempted to add Victor Antolik as a "authorized person" on the account having full access to the account and all of its records, but not having signature privileges. We eventually determined that Horizon Bank would not make this change to the account. We have contacted other banks and are in the process of attempting to set up an account with this arrangement.

4. Attached hereto is a list of all income from the property since July 16, 2015, and all expenses associated with the property paid since then. All of the income was into the Horizon Bank account and payments made out of that account.

5. There is not enough revenue from operating the horse related operations at the property (which is all the income form the property that VCH receives) to pay all of the expenses listed in paragraph C3 of the Temporary Injunction.

6. We are in the process of raising funds to provide labor and maintenance for the polo field through a fee to be paid by an organization that intends to use the field for a polo event in October of this year. Dennis Antolik continues to let his horses out into the field in violation of paragraph B6 of the Temporary Injunction. Mr. Antolik's horses are the ones who damaged the polo field in the first place by traveling about it when it was soaked and in a bog-like condition following the torrential rains in May of this year.

7. By letter from our counsel dated August 18, 2015, we provided Dennis Antolik with the information concerning the "Austin Polo Club" website and Facebook page he had requested.


FURTHER AFFIANT SAITH NOT.

_____
GARRETT JENNINGS,    AFFIANT

SUBSCRIBED AND SWORN TO BEFORE ME by GARRETT JENNINGS on this September 1, 2015, to certify which witness my hand and seal of office.

See attached

_____
NOTARY PUBLIC
STATE OF CALIFORNIA

# CALIFORNIA JURAT WITH AFFIANT STATEMENT    GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____

_____

_____

_____

_____

_____

_Signature of Document Signer No. 1_          _Signature of Document Signer No. 2 (if any)_

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California
County of Ventura _____

Subscribed and sworn to (or affirmed) before me

on this __2__ day of __September__, 20_15_,
          *Date*              *Month*        *Year*
by

(1) Garrett Jennings _____

(and (2)_____ ),
                    *Name(s) of Signer(s)*

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____
              *Signature of Notary Public*

**MARY KRISTIN GRAHAM**
COMM. # 2101964
NOTARY PUBLIC-CALIFORNIA
VENTURA COUNTY
My Commission Expires MARCH 2, 2019

Seal
Place Notary Seal Above

―――――――――― *OPTIONAL* ――――――――――

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**

Title or Type of Document: _____ Document Date: _____

Number of Pages: _____ Signer(s) Other Than Named Above: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5910

# Victory Cheval Holdings, LLC

### Horizon Bank, Austin, TX General Operating Account
### July 15, 2015 to date

| Type | Date | Description | Amount | Deposit |
|---|---|---|---|---|
| On Line | 7/21/15 | Bluebonnet | $440.68 | |
| On Line | 7/29/15 | Commercial Insurance Payment-Dorian | $820.45 | |
| Transfer | 7/31/15 | CCPM for Jason Payroll 7-3-15 | $910.00 | |
| Transfer | 7/31/15 | CCPM for Jason Payroll 7-17-15 | $910.00 | |
| Transfer | 7/31/15 | CCPM for Jason Payroll 7-31-15 | $910.00 | |
| Transfer | 7/31/15 | CCPM Repaid Shay for Stable Shavings | $83.60 | |
| On Line | 8/1/15 | Republic Services Utilities | $161.04 | |
| | 8/3/15 | Deposit - John Greening | | $1,200.00 |
| Bill Pay | 8/3/15 | Manville Water | $262.08 | |
| Bill Pay | 8/3/15 | Manville Water | $31.37 | |
| | 8/10/15 | Deposit - G. Humphrey Board for July and August | | $1,490.00 |
| | 8/6/15 | Deposit - April Lucas | | $650.00 |
| Transfer | 8/11/15 | Garrett for AMEX Charges for Horse Feed | $652.58 | |
| ACH | 7/31/15 | July 2015 Bank Charge Fee | $15.00 | |
| On Line | 8/13/15 | Texas Mutual WC Insurance | $145.00 | |
| 1011 | 8/13/15 | CCPM Tax & Insurance Deposit | $534.00 | |
| Transfer | 8/13/15 | CCPM Management Fees July 2015 | $124.50 | |
| On Line | 8/21/15 | Bluebonnet | $449.17 | |
| On Line | 8/24/15 | Comm. Insurance Payment-Dorian | $820.45 | |
| Transfer | 8/28/15 | CCPM for Jason Ogg Payroll PE 8-14-15 | $910.00 | |
| Transfer | 8/28/15 | CCPM for Jason Ogg Payroll PE 8-28-15 | $910.00 | |

# Victory Cheval Holdings, LLC

**Horizon Bank, Austin, TX General Operating Account**
**July 15, 2015 to date**

| | | | | |
|---|---|---|---|---|
| Transfer | 8/28/15 | CCPM for Mileage on Ranch PE 8-28-15 to Shay | $95.00 | |
| Bill Pay | 9/1/15 | Manville Water | $444.78 | |
| Bill Pay | 9/1/15 | Manville Water | $31.92 | |
| On Line | 9/1/15 | Republic Services Utilities | $160.39 | |
| | | Totals | $9,822.01 | $3,340.00 |
| | | Difference | $6,482.82 | |