Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-09-00433-CV

Carole O. **KOTZ**,
Appellant

v.

**IMPERIAL CAPITAL BANK**, et al.,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-17426
Honorable Andy Mireles, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Catherine Stone, Chief Justice
                Phylis J. Speedlin, Justice
                Rebecca Simmons, Justice

Delivered and Filed: March 24, 2010

REVERSED AND REMANDED; TEMPORARY INJUNCTION DISSOLVED

Carole Kotz brings this interlocutory appeal from the trial court's order granting a temporary injunction enjoining her from taking or attempting to take possession of certain commercial real estate, communicating with any tenants of the property, or receiving any rents from the tenants currently occupying the premises under leases held by Patrick Man and Grace Man. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008). Kotz contends the temporary injunction

order is void because it does not detail why irreparable injury will occur if the temporary injunction is not granted. We agree.

In relevant part, Rule 683 of the Texas Rules of Civil Procedure requires that an "order granting an injunction . . . shall set forth the reasons for its issuance [.]" TEX. R. CIV. P. 683. The Texas Supreme Court "interpret[s] the Rule to require in this respect only that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue." *Transp. Co. of Tex. v. Robertson Transps., Inc*., 152 Tex. 551, 261 S.W.2d 549, 553 (Tex. 1953); *State v. Cook United, Inc*., 464 S.W.2d 105, 106 (Tex. 1971) ("Under Rule 683 . . . it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."). The trial court must set forth specific reasons, not merely conclusory statements, in the order granting temporary injunctive relief. TEX. R. CIV. P. 683 ("be specific in terms"); *accord Charter Med. Corp. v. Miller,* 547 S.W.2d 77, 78 (Tex. Civ. App.—Dallas 1977, no writ). The procedural requirements of Rule 683 are mandatory, and an order granting a temporary injunction that fails to strictly comply with the rule is subject to being declared void and dissolved. *Qwest Communications Corp. v. AT&T Corp*., 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).

In this case, the only part of the order that can be construed as setting forth the reasons for issuing the injunction reads as follows:

> The Court finds that Intervenors Patrick Man and Grace Man will suffer irreparable injury in their possession and use of the Subject Property in the event that the requested injunctive relief is not granted, that they have no adequate remedy at law, and that the

requested injunctive relief is necessary to preserve the status quo
pending final trial.

We conclude this language does not comply with the requirements of Rule 683 because it does not provide specific reasons why injury will result in the absence of a temporary injunction. Merely stating that "irreparable injury will result" if injunctive relief is not granted does not comply with the specificity requirements of Rule 683. *See Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795-96 (Tex. App.—Dallas 2008, no pet.) (injunction order simply setting out elements necessary for relief, and failing to identify the injury from denial of the injunction, was conclusory and void); *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (mere recital of "irreparable harm" does not meet Rule 683's specificity requirements); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ) (same).

Nor can we agree with the Mans that the additional verbiage, "[the Mans] will suffer irreparable injury **in their possession and use of the Subject Property** in the event that the requested injunctive relief is not granted . . . " is sufficiently detailed to meet the requirements of Rule 683. (emphasis added). The trial court fails to set forth any underlying facts to support its finding that "irreparable injury in [the Mans'] possession and use of the Subject Property" will occur, making the court's finding conclusory. *Arkoma Basin Exploration Co. v. FMF Associates 1990-A, Ltd.*, 249 S.W.3d 380, 389 n.32  (Tex. 2008) ("conclusory" is defined as "[e]xpressing a factual inference without stating the underlying facts on which the inference is based"). At most, this language characterizes by what means harm will occur unless Kotz is enjoined from taking possession and use of the subject property—but does not state or explain the reasons *why* irreparable

injury will result absent an injunction. *See Robertson Transps.*, 261 S.W.2d at 553 (must set forth why the applicant's probable right will be endangered if the writ does not issue). *Compare Byrd Ranch, Inc. v. Interwest Sav. Ass'n*, 717 S.W.2d 452, 454 (Tex. App.—Fort Worth 1986, no writ) (it is inadequate under Rule 683 to simply state that "defendants are enjoined from doing X because X will be done unless so enjoined;" order must state with particularity why injury will result absent injunction), *and Stoner v. Thompson*, 553 S.W.2d 150, 151 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (conclusion that situation is "harmful" is not reason why injury will be suffered if interlocutory relief not ordered), *with Robertson Transps.*, 261 S.W.2d at 553 (order was sufficiently specific under Rule 683 where it stated respondent "would interfere with the markets established by the plaintiffs and would probably divert freight tonnage and revenue from the plaintiff" and "that such interference with customers and markets and diversion of freight tonnage and revenues would result in irreparable and inestimable damage to the plaintiffs"), *and IAC, Ltd. v. Bell Helicopter Textron, Inc.*, 160 S.W.3d 191, 200 (Tex. App.—Fort Worth 2005, no pet.) (injunction set forth sufficient reasons for its issuance where order explicitly stated that Bell had shown that respondents had possession of Bell data entitled to trade secret protection and were actively using that data to compete with Bell in the replacement blade market, and respondents' blade would be priced lower than Bell's which would lead to "incalculable loss of business goodwill"), *and Khaledi v. H.K. Global Trading, Ltd.*, 126 S.W.3d 273, 280 (Tex. App.—San Antonio 2003, no pet.) (injunction order was adequate to support issuance where court stated that former business partner's failure to release and subordinate prevented companies and businessmen "from realizing the significant loan values in such unique properties" and significantly impaired their ability to assist in paying amounts owed under promissory note and to tender money into court's

registry, and that business plan and ability to obtain financing on properties were "adversely affected in a way that cannot be effectively measured in dollars"). The trial court's order stating its reasons for granting a temporary injunction must be specific and legally sufficient on its face and not merely conclusory. TEX. R. CIV. P. 683; *Cook United*, 464 S.W.2d at 106; *Torres*, 616 S.W.2d at 358. Here, the temporary injunction order simply fails to state, as required by Rule 683, the reasons why irreparable injury would be suffered if injunctive relief was not granted. Because the temporary injunction order does not satisfy the requirements of Rule 683, we conclude the trial court abused its discretion in entering the order and the order is void. *Qwest*, 24 S.W.3d at 337; *Torres*, 616 S.W.2d at 358.

The Mans further argue that given the nature of this case, the temporary injunction order does comply with the requirements of Rule 683 because the case involves disputed title, possession, and use of real estate. In support of their argument, the Mans cite us to numerous authorities for the legal proposition that every piece of real estate is innately unique. *See, e.g., Greater Houston Bank v. Conte*, 641 S.W.2d 407, 410 (Tex. App.—Houston [14th Dist.] 1982, no writ) ("It is well established law that each and every piece of real estate is unique. Therefore, if appellants were allowed to foreclose appellees would be irreparably harmed, since real estate is so unique."); *El Paso Dev. Co. v. Berryman*, 729 S.W.2d 883, 888 (Tex. App.—Corpus Christi 1987, no writ) ("Every piece of real estate is unique, and if foreclosure were allowed before a full determination of the usury claim, appellee would be irreparably harmed."). Thus, the Mans argue that when, as here, the temporary injunction order involves disputed title to real estate, the court can presume irreparable injury and lack of an adequate remedy at law because of the unique character of each piece of real estate. We agree on the basis of the cited authorities that every piece of real estate is unique, and that this

uniqueness may, in an injunction case, constitute some evidence of an irreparable injury; however, that alone is not conclusive. *See In re Stark*, 126 S.W.3d 635, 641 (Tex. App.—Beaumont 2004, orig. proceeding) ("Real estate is unique and so are the reasons for purchasing and owning it. We think it is reasonable to conclude that under some circumstances monetary damages afford adequate relief for the loss of real estate and under some circumstances it does not."). The Mans cite us to no authority, and we have found none, stating that the trial court is relieved of the mandatory requirements of Rule 683 in cases involving real estate. *See Arrechea v. Plantowsky*, 705 S.W.2d 186, 189 (Tex. App.—Houston [14th Dist.] 1985, no writ) (modified temporary injunction affecting leased real property that did not contain specific findings supporting its issuance cannot be read in conjunction with the original order to supply missing statutory requirements). If the court's order granting a temporary injunction does not comply on its face with the specificity requirements of Rule 683, it constitutes an abuse of discretion and is thus void. *Qwest*, 24 S.W.3d at 337; *Collins*, 261 S.W.3d at 795; *Torres*, 616 S.W.2d at 358.

Because we conclude the order granting the temporary injunction fails to meet the specificity requirements of Rule 683, and is thus void, we need not address the other appellate issues raised by Kotz. Accordingly, the trial court's order granting the temporary injunction is reversed, the injunction is dissolved, and the cause is remanded to the trial court for further proceedings.

Phylis J. Speedlin, Justice