*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★      ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00555-CV & No. 04-09-00702-CV

Penelope **FANNING**, Ana Bergman, Celia Cisneros, Barbara Ofsowitz, and Linda McEvoy,
Appellants

v.

James **PLACE** and Gerry Saum,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-10922
Honorable Karen Pozza, Judge Presiding[1]

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Karen Angelini, Justice
               Phylis J. Speedlin, Justice
               Steven C. Hilbig, Justice

Delivered and Filed: August 25, 2010

REVERSED AND REMANDED, TEMPORARY INJUNCTIONS DISSOLVED

Appellants appeal the trial court's orders granting two temporary injunctions. Without

addressing the merits of the injunctive relief, we hold the orders granting the temporary injunctions

do not meet the specificity requirements of Texas Rule of Civil Procedure 683. Accordingly, we

---

[1] The first order granting temporary injunction was signed by the Honorable Karen Pozza and the second order was signed by the Honorable Janet Littlejohn.

reverse the trial court's orders, dissolve the temporary injunctions, and remand the case to the trial court for further proceedings.

## BACKGROUND

All of the parties in this case own condominiums at Barrington Condominiums and are either present or past board members of the condominium association. Disputes arose among the parties regarding Appellants' actions as Board members. James Place and Gerry Saum, in their individual capacities, sued Appellants for breach of fiduciary duty, fraud, negligence, gross negligence, and for declaratory and injunctive relief. Place and Saum first obtained a temporary injunction that ordered the Appellants:

> Cease and desist from holding any future meeting of the Board of Directors of the Barrington Condominium Association ("Association") which purports to be conducting business on behalf of the Association unless said meetings are properly noticed and called strictly pursuant to the Bylaws and directed to the following legally constituted Board of Directors, to wit:
>
> > (a.) Penelope "Penny" Fanning, President
> > (b.) Ana Rosa Bergman, Vice President
> > (c.) Celia "Sallie" Cisneros, Secretary
> > (d.) Jean Goetz, Treasurer
> > (e.) Gerry Saum
> > (f.) James Place
>
> If one or more of the above Board members are removed or replaced by the membership of the Association at a duly held and constituted meeting, or if one or more of the said members terms of office expire, then notice shall be delivered to their legally elected and/or duly appointed successor.

The appellants filed an interlocutory appeal of this order on September 2, 2009.

In the meantime, Place and Saum obtained a second temporary injunction. The second injunction provided the appellants were enjoined and restrained:

From taking any activity as the Board of Directors of the Barrington Condominium Association ("Association") which purports to be conducting business on behalf of the Association <u>unless</u> said meetings are (i) properly noticed and called strictly pursuant to the Declarations and Bylaws of the Association and (ii) are among only th following legally constituted Board of Director Members, to-wit:

(a.) Penelope "Penny" Fanning, President
(b.) Ana Rosa Bergman, Vice President
(c.) Celia "Sallie" Cisneros, Secretary
(d.) Jean Goetz, Treasurer
(e.) Gerry Saum
(f.) James Place

If one or more of the above Board members are removed or replaced by the membership of the Association at a duly held and constituted meeting, or if one or more of the said members terms of office expire, then notice and participation shall be to their legally elected and/or duly appointed successor(s).

The second injunction also restrained the appellants from terminating a management contract or withdrawing funds from the association unless such action was the result of a majority vote of a legally constituted Board of Directors. Additionally, the second injunction prohibited any board meeting from taking place without notice and participation of Place, Saum and Jean Goetz.

Both injunctions included the following language:

That unless the defendants are temporarily enjoined as set forth herein, Defendants will continue to act and pass resolutions in the purported capacity of, and in the name of, the Board of Director [sic] for and on behalf of the Barrington Condominium Association, when in fact said Defendants lack the authority and/or capacity to sit as a Board of Directors or to act and/or pass resolutions in the name of the Board of Directors, or act or pass resolutions for or on behalf of the Barrington Condominium Association; said actions and/ or resolutions has and will subject the Barrington Condominium Association to liability, cause irreparable injury to the Plaintiffs and the Barrington Condominium Association without legal remedy to prevent the conduct before it occurs.

The appellants appeal both orders granting the temporary injunctions.

**DISCUSSION**

The appellants argue that the two injunction orders are void because they do not comply with the mandatory requirements of Texas Rule of Civil Procedure 683. Rule 683 requires the order granting the temporary injunction "set forth the reasons for its issuance" and be "specific in terms." TEX. R. CIV. P. 683. The provisions in Rule 683 are mandatory and must be strictly followed. *Qwest Commc's. Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000). Failure of a temporary injunction order to meet the strict requirements of Rule 683 renders the order fatally defective and void. *Qwest*, 24 S.W.3d at 337. An order that only recites "irreparable injury will result" if injunctive relief is not granted does not comply with the specificity requirements of Rule 683. *See Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795-96 (Tex. App.—Dallas 2008, no pet.) (injunction order simply setting out elements necessary for relief, and failing to identify the injury from denial of the injunction, was conclusory and void); *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App—Houston [14th Dist.] 2005, no pet.) (mere recital of "irreparable harm" does not meet Rule 683's specificity requirements). When an order only states that harm will occur if a party is not restrained from taking the action sought to be restrained, and there are not underlying facts given in the order, the order is conclusory and void. *Kotz v. Imperial Capital Bank*, 04-09-00433-CV, 2010 WL 1063919, *1 (Tex. App.—San Antonio Mar. 24, 2010, no pet.); *see also City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708 -709 (Tex. App.—Corpus Christi 2010, no pet. h.).

In *Kotz*, we held the order granting an injunction was not sufficient to satisfy Rule 683 when it did not provide specific reasons why injury would result if an injunction was not issued. *Kotz*, 2010 WL 1063919, at *2. The intervenors sought an injunction to restrain Carole Kotz from taking possession of certain commercial real estate, communicating with tenants on the property, or

receiving any rents from the tenants under leases held by the intervenors. The order granting the injunction read as follows:

> The Court finds that Intervenors Patrick Man and Grace Man will suffer irreparable injury in their possession and use of the Subject Property in the event that the requested injunctive relief is not granted, that they have no adequate remedy at law, and that the requested injunctive relief is necessary to preserve the status quo pending final trial.

*Id*. at *1. We held the order was conclusory because the order did not set forth any underlying facts to support the finding that "irreparable injury in [the Mans'] possession and use of the Subject Property" will occur. *Id*. (citing *Arkoma Basin Exploration Co. v. FMF Associates 1990-A Ltd.*, 249 S.W.3d 380, 389 n. 32 (Tex. 2008)("'conclusory' is defined as: expressing a factual inference without stating the underlying facts on which the inference is based"). We stated: "At most, this language characterizes by what means harm will occur unless Kotz is enjoined from taking possession and use of the subject property—but does not state or explain the reasons *why* irreparable injury will result absent an injunction." *Id*. at *2.

Here, the orders state that unless the appellants are restrained from taking any actions, Place and Saum will suffer irreparable injury "without legal remedy to prevent the conduct before it occurs."[2] This language, as the language in *Kotz*, does not state the reasons why Place and Saum will be injured if the appellants are not restrained from acting. *See Kotz*, 2010 WL 1063919, at *2 and cases cited therein. Rather, the language merely concludes Saum and Place will suffer irreparable harm if the board is not prevented from acting. The specificity requirements of Rule 683 are not satisfied by merely stating that "defendants are enjoined from doing X because X will be done unless

---

[2] Although the orders state the association will be subject to liability if the injunctions are not issued, the association is not a party and the order does not include underlying facts to support this conclusion.

so enjoined." *Byrd Ranch, Inc. v. Interwest Sav. Ass'n*, 717 S.W.2d 452, 454 (Tex. App.—Fort Worth 1986, no writ).

## CONCLUSION

The orders are conclusory and do not provide specific reasons why Place and Saum would be harmed if the injunctions did not issue. *Kotz*, 2010 WL 1063919, at *1; *Friends of Coliseum*, 311 S.W.3d at 708 -709. Because we conclude the orders granting the temporary injunctions fail to meet the specificity requirements of Rule 683, they are void. We reverse the orders, dissolve the temporary injunctions and remand this matter to the trial court for further proceedings.


Steven C. Hilbig, Justice