•           •           • 
 • • •





                                                                                    MEMORANDUM OPINION

No. 04-09-00555-CV & No. 04-09-00702-CV

Penelope FANNING, Ana Bergman, Celia Cisneros, Barbara Ofsowitz, and Linda McEvoy,
Appellants

v.

James PLACE and Gerry Saum,
Appellees

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-10922
Honorable Karen Pozza, Judge Presiding



 
Opinion by:    Steven C. Hilbig, Justice
 
Sitting:            Karen Angelini, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed: August 25, 2010

REVERSED AND REMANDED, TEMPORARY INJUNCTIONS DISSOLVED
            Appellants appeal the trial court’s orders granting two temporary injunctions. Without
addressing the merits of the injunctive relief, we hold the orders granting the temporary injunctions
do not meet the specificity requirements of Texas Rule of Civil Procedure 683. Accordingly, we
reverse the trial court’s orders, dissolve the temporary injunctions, and remand the case to the trial
court for further proceedings.
BACKGROUND
            All of the parties in this case own condominiums at Barrington Condominiums and are either
present or past board members of the condominium association. Disputes arose among the parties
regarding Appellants’ actions as Board members. James Place and Gerry Saum, in their individual
capacities, sued Appellants for breach of fiduciary duty, fraud, negligence, gross negligence, and for
declaratory and injunctive relief. Place and Saum first obtained a temporary injunction that ordered
the Appellants:
Cease and desist from holding any future meeting of the Board of Directors of the
Barrington Condominium Association ("Association”) which purports to be
conducting business on behalf of the Association unless said meetings are properly
noticed and called strictly pursuant to the Bylaws and directed to the following
legally constituted Board of Directors, to wit:
 
(a.) Penelope “Penny” Fanning, President
(b.) Ana Rosa Bergman, Vice President
(c.) Celia “Sallie” Cisneros, Secretary
(d.) Jean Goetz, Treasurer 
(e.) Gerry Saum
(f.) James Place 
 
If one or more of the above Board members are removed or replaced by the
membership of the Association at a duly held and constituted meeting, or if one or
more of the said members terms of office expire, then notice shall be delivered to
their legally elected and/or duly appointed successor.

The appellants filed an interlocutory appeal of this order on September 2, 2009. 
            In the meantime, Place and Saum obtained a second temporary injunction. The second
injunction provided the appellants were enjoined and restrained:
From taking any activity as the Board of Directors of the Barrington Condominium
Association (“Association”) which purports to be conducting business on behalf of
the Association unless said meetings are (i) properly noticed and called strictly
pursuant to the Declarations and Bylaws of the Association and (ii) are among only
th following legally constituted Board of Director Members, to-wit:
 
(a.) Penelope “Penny” Fanning, President
(b.) Ana Rosa Bergman, Vice President
(c.) Celia “Sallie” Cisneros, Secretary
(d.) Jean Goetz, Treasurer 
(e.) Gerry Saum
(f.) James Place 
 
If one or more of the above Board members are removed or replaced by the
membership of the Association at a duly held and constituted meeting, or if one or
more of the said members terms of office expire, then notice and participation shall
be to their legally elected and/or duly appointed successor(s).
 
The second injunction also restrained the appellants from terminating a management contract or
withdrawing funds from the association unless such action was the result of a majority vote of a
legally constituted Board of Directors. Additionally, the second injunction prohibited any board
meeting from taking place without notice and participation of Place, Saum and Jean Goetz. 
            Both injunctions included the following language:
That unless the defendants are temporarily enjoined as set forth herein, Defendants
will continue to act and pass resolutions in the purported capacity of, and in the name
of, the Board of Director [sic] for and on behalf of the Barrington Condominium
Association, when in fact said Defendants lack the authority and/or capacity to sit as
a Board of Directors or to act and/or pass resolutions in the name of the Board of
Directors, or act or pass resolutions for or on behalf of the Barrington Condominium
Association; said actions and/ or resolutions has and will subject the Barrington
Condominium Association to liability, cause irreparable injury to the Plaintiffs and
the Barrington Condominium Association without legal remedy to prevent the
conduct before it occurs.
 
The appellants appeal both orders granting the temporary injunctions.
DISCUSSION
            The appellants argue that the two injunction orders are void because they do not comply with
the mandatory requirements of Texas Rule of Civil Procedure 683. Rule 683 requires the order
granting the temporary injunction “set forth the reasons for its issuance” and be “specific in terms.”
Tex. R. Civ. P. 683. The provisions in Rule 683 are mandatory and must be strictly followed. Qwest
Commc’s. Corp. v. AT & T Corp., 24 S.W.3d 334, 337 (Tex. 2000). Failure of a temporary injunction
order to meet the strict requirements of Rule 683 renders the order fatally defective and void. Qwest,
24 S.W.3d at 337. An order that only recites “irreparable injury will result” if injunctive relief is not
granted does not comply with the specificity requirements of Rule 683. See Indep. Capital Mgmt.,
L.L.C. v. Collins, 261 S.W.3d 792, 795-96 (Tex. App.—Dallas 2008, no pet.) (injunction order simply
setting out elements necessary for relief, and failing to identify the injury from denial of the
injunction, was conclusory and void); AutoNation, Inc. v. Hatfield, 186 S.W.3d 576, 581 (Tex.
App—Houston [14th Dist.] 2005, no pet.) (mere recital of “irreparable harm” does not meet Rule
683’s specificity requirements). When an order only states that harm will occur if a party is not
restrained from taking the action sought to be restrained, and there are not underlying facts given in
the order, the order is conclusory and void. Kotz v. Imperial Capital Bank, 04-09-00433-CV, 2010
WL 1063919, *1 (Tex. App.—San Antonio Mar. 24, 2010, no pet.); see also City of Corpus Christi
v. Friends of the Coliseum, 311 S.W.3d 706, 708 -709 (Tex. App.—Corpus Christi 2010, no pet. h.).
            In Kotz, we held the order granting an injunction was not sufficient to satisfy Rule 683 when
it did not provide specific reasons why injury would result if an injunction was not issued. Kotz, 2010
WL 1063919, at *2. The intervenors sought an injunction to restrain Carole Kotz from taking
possession of certain commercial real estate, communicating with tenants on the property, or
receiving any rents from the tenants under leases held by the intervenors. The order granting the
injunction read as follows:
The Court finds that Intervenors Patrick Man and Grace Man will suffer irreparable
injury in their possession and use of the Subject Property in the event that the
requested injunctive relief is not granted, that they have no adequate remedy at law,
and that the requested injunctive relief is necessary to preserve the status quo pending
final trial.
 
Id. at *1. We held the order was conclusory because the order did not set forth any underlying facts
to support the finding that “irreparable injury in [the Mans’] possession and use of the Subject
Property” will occur. Id. (citing Arkoma Basin Exploration Co. v. FMF Associates 1990-A Ltd., 249
S.W.3d 380, 389 n. 32 (Tex. 2008)(“‘conclusory’ is defined as: expressing a factual inference without
stating the underlying facts on which the inference is based”). We stated: “At most, this language
characterizes by what means harm will occur unless Kotz is enjoined from taking possession and use
of the subject property—but does not state or explain the reasons why irreparable injury will result
absent an injunction.” Id. at *2.
            Here, the orders state that unless the appellants are restrained from taking any actions, Place
and Saum will suffer irreparable injury “without legal remedy to prevent the conduct before it
occurs.”


 This language, as the language in Kotz, does not state the reasons why Place and Saum will
be injured if the appellants are not restrained from acting. See Kotz, 2010 WL 1063919, at *2 and
cases cited therein. Rather, the language merely concludes Saum and Place will suffer irreparable
harm if the board is not prevented from acting. The specificity requirements of Rule 683 are not
satisfied by merely stating that “defendants are enjoined from doing X because X will be done unless
so enjoined.” Byrd Ranch, Inc. v. Interwest Sav. Ass’n, 717 S.W.2d 452, 454 (Tex. App.—Fort Worth
1986, no writ).
CONCLUSION
            The orders are conclusory and do not provide specific reasons why Place and Saum would be
harmed if the injunctions did not issue. Kotz, 2010 WL 1063919, at *1; Friends of Coliseum, 311
S.W.3d at 708 -709. Because we conclude the orders granting the temporary injunctions fail to meet
the specificity requirements of Rule 683, they are void. We reverse the orders, dissolve the temporary
injunctions and remand this matter to the trial court for further proceedings. 
 
Steven C. Hilbig, Justice