Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio




# MEMORANDUM OPINION

No. 04-12-00092-CV

Orlando **VILLARREAL**,
Appellant

v.

Sandra **MACHADO**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2001-CI-19022
The Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:   Phylis J. Speedlin, Justice

Sitting:   Karen Angelini, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  August 15, 2012

REVERSED AND REMANDED; TEMPORARY INJUNCTION DISSOLVED

Orlando Villarreal brings this interlocutory appeal from the trial court's order granting a temporary restraining order and temporary injunction ordering him to vacate his residence and limiting his access to his mother.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (West Supp. 2012).  Villarreal contends the order is void because it does not state in specific terms the reasons for its issuance.  We agree.

Rule 683 of the Texas Rules of Civil Procedure requires that an "order granting an injunction and every restraining order shall set forth the reasons for its issuance[.]" TEX. R. CIV. P. 683; *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 58 (Tex. App.—San Antonio 2010, no pet). The Texas Supreme Court "interpret[s] the Rule to require in this respect only that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue." *Transport. Co. of Tex. v. Robertson Transports., Inc.*, 152 Tex. 551, 261 S.W.2d 549, 553 (1953); *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) ("Under Rule 683 . . . it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."). The trial court must set forth specific reasons, not merely conclusory statements, in the order granting temporary injunctive relief. TEX. R. CIV. P. 683 ("be specific in terms"); *accord Charter Med. Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex. Civ. App.—Dallas 1977, no writ). The procedural requirements of Rule 683 are mandatory, and an order granting a temporary injunction that fails to strictly comply with the rule is subject to being declared void and dissolved. *Qwest Communications Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam).

In this case, the order wholly fails to state the reasons for its issuance. The order merely states that a restraining order is "appropriate" against Villarreal and then grants the temporary injunction. Although the trial court may have justly been concerned about the welfare of Villarreal's ailing mother, we conclude the trial court nonetheless abused its discretion in entering an order that does not satisfy the requirements of Rule 683. *Qwest*, 24 S.W.3d at 337; *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.);

*Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ).

Because we conclude the order granting the temporary injunction fails to meet the specificity requirements of Rule 683, and is thus void, we need not address the other appellate issue raised by Villarreal. Accordingly, the trial court's order granting the temporary injunction is reversed, the injunction is dissolved, and the cause is remanded to the trial court for further proceedings.

Phylis J. Speedlin, Justice