

NUMBER 13-12-00375-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

LAW FUNDER, LLC, BAKER
BROWN & DIXON, PC, AND
JOHN BAKER,                                                          Appellants,

v.

LAW OFFICES OF DOUGLAS A.
ALLISON,                                                             Appellee.

### On appeal from the County Court at Law No. 4
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes
Memorandum Opinion by Justice Benavides**

Appellants, Law Funder, LLC ("Law Funder"), Baker Brown & Dixon, PC ("BBD"),

and John Baker, appeal from an order granting an anti-suit injunction in a dispute over attorney's fees. We reverse and remand.

## I. BACKGROUND

Appellee, Law Offices of Doug Allison ("Allison"), filed suit against appellants, Pablo Ruiz Limon and Servicios Legales de Mesoamerica S. de R.L. ("Servicios") in County Court at Law Number Four of Nueces County Texas, seeking a declaratory judgment.[1] According to Allison's first amended petition filed on March 29, 2012, Allison had concluded its work on four separate legal cases and had received the attorney's fees due for its work. Allison sought a declaratory judgment that none of the defendants had a contractual right to seek a portion of these attorney's fees.

On March 29, 2012, Allison filed an application for temporary restraining order and application for preliminary injunction. This application set out the following history underlying this appeal. According to the application, in summary, in approximately 2005, Servicios and Limon referred some clients to Allison for representation. Allison paid Servicos attorney's fees for the completed cases in which "all parties had performed," but did not pay Servicios for those cases where Servicios "had not performed, and for other reasons." The completed cases for which Servicios was not paid are the subject of the attorney's fees dispute between the parties in this case. In 2007, Servicios assigned the cases that were the subject of dispute to Baker "and/or" BBD. Thereafter, Servicios, Baker, and/or BBD purportedly sold their interests in these "contingent attorneys' fee

---

[1] Limon and Servicios are not parties to this appeal.

2

interests" to Law Funder.

In a separate matter, in 2009, a divorce proceeding was pending between Maria de Jesus Garcia and Wilfrido Garcia in cause number F-551-05-C in the 139th Judicial District Court of Hidalgo County, Texas. This suit was ultimately transferred to the 449th Judicial District Court of Hidalgo County, Texas. In this case, the trial court appointed receivers for "the purpose of securing an accounting and to seek recovery of all claims, income and fees received or owed" to Wilfrido, Servicios, BBD, and the Law Funder. The receivers filed a petition in intervention against Allison and numerous other law firms seeking an accounting of attorney's fees allegedly owed to or through Servicios.

In the Hidalgo County divorce suit, the trial court appointed Michael Flanagan, Eloy Sepulveda, and Sean Callagy as receivers pursuant to the Texas Family Code to provide an accounting regarding the disputed fees. *See* TEX. FAM. CODE ANN. § 6.502(a)(5) (West 2006). The accounting was ultimately completed; however, the receivers' action did not constitute an "adjudication of the various parties' interests in the attorneys' fees in question."[2]

Appellee's application for temporary restraining order and application for preliminary injunction alleged that the declaratory action was the "first filed pleading for an adjudication of the various parties' interests, if any, in the . . . attorneys' fees made the subject of this dispute." Appellee thus sought a temporary restraining order and

---

[2] In 2012, Wilfrido Garcia, joined by receivers Flanagan, Sepulveda, and Callagy, filed a petition for writ of mandamus seeking relief from an order disqualifying the trial court judge. *See In re Garcia*, No. 13-12-00440-CV, 2012 WL 3792112, at **1–3 (Tex. App.—Corpus Christi Aug. 31, 2012, orig. proceeding [mand. denied]) (mem. op. per curiam). This Court and the Texas Supreme Court denied the petition. *See id.*

preliminary injunction to prevent any filing, or further filing or action, by any other party of a competing effort.

The trial court held a hearing on appellee's application on May 10, 2012. At the hearing, the trial court stated that it would grant the requested relief, and subsequently, on May 16, 2012, the trial court entered the injunction subject to appeal. The order states, in pertinent part, as follows:

> On the 10th day of May, 2012, the Court called for hearing Law Offices of Douglas A. Allison's ("LODA's") Application for Preliminary Injunction; and LODA appeared by and through legal counsel; and Law Funder, LLC, John Baker ("Baker"), and Baker Brown & Dixon ("BBD") appeared by and through counsel, and the Court called the matter for hearing. LODA, Law Funder, Baker, and BBD announced "ready," and the Court heard opening statements, received evidence, and considered the parties' closing arguments and legal authorities presented. Based upon the evidence presented, and the legal authorities presented, and considering all possible bases for granting or denying LODA's Application for Preliminary Injunction, the Court enters the following ruling.

> IT IS ORDERED that LODA's Application for Preliminary Injunction is hereby GRANTED. The Application for Preliminary Injunction is hereby GRANTED for the reasons set forth by this Court's rulings and findings on the record, and also for each and every other reason as may be supported by the evidence presented on May 10, 2012, and legal authorities related thereto.

> IT IS THEREFORE ORDERED that Law Funder, Baker, and BBD, and their attorneys (including Ray Thomas, and attorneys with the law firm known as Kittleman, Thomas & Gonzalez, LLP), and Law Funder's, Baker's, and BBD's agents and representatives and ostensible agents and representatives (including Servicios Legales de Mesoamerica ("SLM"), Eloy Sepulveda, Michael Flanagan, and Sean Callagy) are to refrain from and are hereby enjoined from filing any pleadings, seeking collection, deposit, or recovery of, pursuing any legal remedies for, seeking to adjudicate ownership of, and instituting or prosecuting any legal proceeding in any State or United States court, including Cause No. F-551-05-K now pending in the 449th Judicial District Court, Hidalgo County, Texas, relating to any LODA cases or affecting the attorney's fees involved in this legal action (Cause no. 10-60166-4), until such time as this case (Cause no. 10-601-

4

166-4) is finally resolved.

IT IS FURTHER ORDERED that bond is set at $100.00; and this Order confirms that such a cash bond has been fully satisfied by proper deposit already on file with the Clerk's office.

IT IS FURTHER ORDERED that trial for this case (Cause No. 10-60166-4) is set for February 4, 2013.

The order effectively restrained proceedings from going forward in the divorce case pending in trial court cause number F-551-05-K in the 449th District Court of Hidalgo County, Texas.

This appeal and a related original proceeding ensued.[3] By one issue, appellant contends that the trial court abused its discretion by issuing an anti-suit injunction order that failed to comply with Texas Rule of Civil Procedure 683 because it failed to set forth the reasons for its issuance and, to the extent that the order could be construed to set forth reasons, those reasons fail to justify the order's issuance.

## II. STANDARD OF REVIEW

A trial court has broad discretion in deciding whether to grant or deny a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Appellate review is strictly limited to evaluating whether there has been a clear abuse of discretion. *See id.* The scope of review is limited to the validity of the temporary injunction order. *See Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993). We do not review the merits of the underlying case. *Davis v. Huey*, 571 S.W.2d 859, 861 (Tex. 1978). Instead, we

---

[3] *See In re Servicios Legales de Mesoamerica S. de R.L.*, currently pending before this Court in appellate cause number 13-12-00466-CV.

5

determine whether there has been an abuse of discretion by the trial court in granting or denying the requested relief. *Id.* at 862. In making this determination, we may not substitute our judgment for that of the trial court unless its decision was so arbitrary that it exceeded the bounds of reasonableness. *See Butnaru*, 84 S.W.3d at 204. We review the evidence in the light most favorable to the order and indulge all reasonable inferences in favor of the decision. *See Davis*, 571 S.W.2d at 862; *City of McAllen v. McAllen Police Officers Union*, 221 S.W.3d 885, 893 (Tex. App.—Corpus Christi 2007, pet. denied). A trial court does not abuse its discretion if it bases its decision on conflicting evidence where evidence in the record reasonably supports the trial court's decision. *Davis*, 571 S.W.2d at 862.

The purpose of a temporary injunction is to preserve the status quo until a trial on the merits. *Butnaru*, 84 S.W.3d at 204; *Walling*, 863 S.W.2d at 58. The sole issue presented to a trial court at a temporary injunction hearing is whether the applicant is entitled to preserve the status quo pending trial on the merits. *Butnaru*, 84 S.W.3d at 204; *Davis*, 571 S.W.2d at 862. The status quo is defined as the last, actual, peaceable, non-contested status that preceded the pending controversy. *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding); *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 577 (Tex. App.—Austin 2000, no pet.).

### III. APPLICABLE LAW

An anti-suit injunction will issue "only in very special circumstances." *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996) (per curiam) (citing *Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161, 163 (Tex. 1986); *Gannon v. Payne*, 706 S.W.2d 304,

6

306 (Tex. 1986)).  A court may exercise its discretion to issue an anti-suit injunction in four circumstances:  "(1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation."  *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 512 (Tex. 2010) (quoting *Gonzalez v. Reliant Energy, Inc.*, 159 S.W.3d 615, 623 (Tex. 2005)).  The party seeking the injunction must show that clear equity demands issuance of the injunction.  *Frost Nat'l Bank*, 315 S.W.3d at 512; *Golden Rule Ins. Co.*, 925 S.W.2d at 651; *Christensen*, 719 S.W.2d at 163.

The majority rule in Texas is that a party seeking an anti-suit injunction must satisfy the traditional prerequisites to injunctive relief as well as the more specific requirements applicable only to anti-suit injunctions.  *See Yarto v. Gilliland*, 287 S.W.3d 83, 88 n.8 (Tex. App.—Corpus Christi 2009, no pet.) (listing cases); *see also Shamoun & Norman, LLP v. Yarto Int'l Grp., LP*, 398 S.W.3d 272, 281 (Tex. App.—Corpus Christi 2012, pet. dism'd) (mem. op. on reh'g) (analyzing conflict among courts); *Counsel Fin. Servs., L.L.C. v. Leibowitz*, No. 13-10-00200-CV, 2011 WL 2652158, at *11 (Tex. App.—Corpus Christi July 1, 2011, pet. denied) (mem. op.); *Freddie Records, Inc. v. Ayala*, No. 13-07-00363-CV, 2009 WL 3135790, at *4 (Tex. App.—Corpus Christi Sept. 30, 2009, no pet.) (mem. op.).  Those traditional prerequisites are:  (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.  *Butnaru,* 84 S.W.3d at 204 (citing *Walling*, 863 S.W.2d at 57; *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex. 1968)).

In the context of a request for temporary injunctive relief, a probable right to

recovery and probable injury must be established by competent evidence adduced at a hearing. *Millwrights Local Union No. 2484 v. Rust Eng'g Co.*, 433 S.W.2d 683, 686 (Tex. 1968); *see Armendariz v. Mora*, 526 S.W.2d 542, 543 (Tex. 1975); *see also Compass Bank v. Barrera*, No. 13-10-00529-CV, 2011 WL 743399, at *3 (Tex. App.—Corpus Christi Mar. 3, 2011, no pet.) (mem. op.); *McDaniel v. Connelly*, No. 13-08-00230-CV, 2008 WL 2744901, at *1 (Tex. App.—Corpus Christi July 3, 2008, pet. denied) (mem. op.). The Texas Supreme Court has explained the evidentiary requirements for the issuance of a temporary injunction as follows:

> An applicant for a temporary injunction seeks extraordinary equitable relief. He seeks to immobilize the defendant from a course of conduct which it may well be his legal right to pursue. Crowded dockets, infrequent jury trial weeks, or trial tactics can often delay a trial of a case on its merits for many months. The applicant has, and in equity and good conscience ought to have, the burden of offering some evidence which, under applicable rules of law, establishes a probable right of recovery. If not, no purpose is served by the provisions of Rule 680, [Texas Rules of Civil Procedure], limiting the time for which a restraining order granted without a hearing can operate and requiring a hearing before a temporary injunction can issue. If he cannot or does not discharge his burden he is not entitled to extraordinary relief. Writs of injunction should not issue on mere surmise.

*Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961).

## IV. MOOTNESS

We first address appellee's contention that this appeal has been rendered moot. We are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Stevenson v. Hous. Auth.*, 385 S.W.3d 684, 686 (Tex. App.—El Paso 2012, no pet.). A case becomes moot if there is no justiciable controversy between the parties—that is, if the issues presented are no longer "live" or if the parties lack a legally cognizable interest in the outcome. *Heckman v. Williamson*

8

*Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012); *see In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding) ("A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings.").

Appellee's argument that this appeal has been rendered moot is set forth as follows in its brief:

> Appellant's appeal regarding the form of [the trial court's] Order should only be considered in the event that this appellate court considers that the appeal is not moot. Appellee respectfully suggests that the Texas Supreme Court's recent affirmation of the disqualification of Judge Jesse Contreras renders this appeal moot; that is, all parties agree that the recent ruling from the Texas Supreme Court "voided Receivers' appointment . . . ." Moreover, although Ray Thomas had been appointed to represent Receivers, and represented BBD, Baker, and others, by filing the Hidalgo Suit (the petition against LODA), all parties agree that the "purpose of [Ray Thomas's] representation [in the Hidalgo Suit] is complete." Since the Receivers' [appointment] has been voided, there are no Receivers. Since there are no Receivers, there is no Hidalgo Suit against LODA. Since there is no Hidalgo Suit, there is no longer a consequence from the Order signed by [the trial court]. . . . As of the day that the Texas Supreme Court affirmed the constitutional disqualification of Judge Jesse Contreras, the ruling by Judge Dick Alcala that "all orders made by Judge Jesse Contreras from April 28, 2009, through July 2, 2012, in . . . [the Hidalgo Suit] are null and void" became final. The order appointing Receivers was signed by Judge Jesse Contreras during the pertinent time period (October 1, 2009), and thus the concession (finally) that the Texas Supreme Court "voided Receivers' appointment . . . ."
>
> There are no Receivers. The Receivers (and only the Receivers) had sued LODA in the Hidalgo Suit. Thus, the purpose of [the trial court's] Order is rendered moot by the voiding of the appointment of the Receivers. Appellants' appeal is properly dismissed as moot.

(Footnotes omitted). Appellee supports its contentions with citations to documents attached to its appellate brief which are not included in the appellate record.

As a general rule, we do not consider attachments to briefs that were not part of the trial court record and are not formally included in the appellate record. *Guajardo v.*

*Conwell*, 46 S.W.3d 862, 864 (Tex. 2001); *In re Guardianship of Winn,* 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.); *Paselk v. Rabun*, 293 S.W.3d 600, 612 n.12 (Tex. App.—Texarkana 2009, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). However, this Court "may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction." TEX. GOV'T CODE ANN. § 22.220(c) (West 2004); *see Sabine Offshore Serv., Inc. v. City of Port Arthur*, 595 S.W.2d 840, 841 (Tex. 1979) ("Affidavits outside the record cannot be considered by the Court of Civil Appeals for any purpose other than determining its own jurisdiction."). The concept of mootness implicates our jurisdiction over an appeal or original proceeding. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Accordingly, our analysis of appellee's contention that this appeal has been rendered moot can extend to matters outside this appellate record. *See id.*

Leaving this issue aside, however, we fundamentally disagree with appellee's contention that the appeal has been rendered moot. Even if we were to accept appellee's contention that the subsequent events regarding the Hidalgo Suit have rendered the "purpose" of the injunction moot, the injunction itself is not limited in scope to the Hidalgo Suit and applies to other potential lawsuits. Specifically, the temporary injunction prohibits appellants "from filing any pleadings, seeking collection, deposit, or recovery of, pursuing any legal remedies for, seeking to adjudicate ownership of, and instituting or prosecuting any legal proceeding" in "any" court "relating to any LODA cases or affecting the attorney's fees involved in this legal action." There is still a live

10

controversy regarding ownership of the disputed funds. *See Heckman*, 369 S.W.3d at 162. Under such circumstances, the appeal of the injunction has not been rendered moot. Accordingly, we proceed to the merits of the appeal.

## V. ANALYSIS

By their sole issue, appellants contend that the injunction at issue fails to comply with Rule 683 of the Texas Rules of Civil Procedure because the injunction does not set forth the reasons for its issuance. *See* TEX. R. CIV. P. 683. Rule 683 states that every order granting an injunction must "set forth the reasons for its issuance" and "be specific in its terms." TEX. R. CIV. P. 683. The Rule requires "that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue." *Transp. Co. of Tex. v. Robertson Transps., Inc.*, 261 S.W.2d 549, 553 (Tex. 1953). Accordingly, the order must provide a "detailed explanation of the reason for the injunction's issuance." *Adust Video v. Nueces Cnty.*, 996 S.W.2d 245, 249 (Tex. App.—Corpus Christi 1999, no pet.).

The explanation must include specific reasons and not merely conclusory statements. *Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 56–57 (Tex. App.—San Antonio 2010, no pet.). Mere recitals regarding harm are insufficient. *See, e.g., id.* (holding that an order stating that plaintiffs "will suffer irreparable injury in their possession and use of the Subject Property in the event that the requested injunctive relief is not granted, that they have no adequate remedy at law, and that the requested injunctive relief is necessary to preserve the status quo pending final trial" to be insufficient); *Indep.*

11

*Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795–96 (Tex. App.—Dallas 2008, no pet.) (holding that an order that recited the required elements for relief was conclusory and void); *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (holding that the mere recital of "irreparable harm" does not meet Rule 683's specificity requirements); *Monsanto Co. v. Davis*, 25 S.W.3d 773, 788 (Tex. App.—Waco 2000, pet. denied) (concluding that a temporary injunction order was insufficiently specific where it stated that plaintiffs "will suffer probable injury"); *Byrd Ranch, Inc. v. Interwest Sav. Assoc.*, 717 S.W.2d 452, 453–55 (Tex. App.—Fort Worth 1986, no writ) (concluding that an order stating that the plaintiff "will suffer irreparable harm for which it has no adequate remedy at law" was insufficiently specific); *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ) (same); *Gen. Homes, Inc. v. Wingate Civic Assoc.*, 616 S.W.2d 351, 353 (Tex. Civ. App.—Houston [14th Dist.] 1981, no writ) (finding that a temporary injunction order did not satisfy Rule 683 "because it only states the trial court's conclusion that immediate and irreparable harm will result if the injunction is not granted, with no specific reasons supporting the conclusion"); *Stoner v. Thompson*, 553 S.W.2d 150, 151 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.) (finding a temporary injunction order insufficient under Rule 683 and noting that "[t]he conclusion [in the order] that the situation is harmful [to the plaintiff] is not a reason why injury will be suffered if the interlocutory relief is not ordered").

This requirement for specificity is mandatory and must be strictly followed. *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986);

*City of Corpus Christi v. Friends of the Coliseum*, 311 S.W.3d 706, 708–09 (Tex. App.—Corpus Christi 2010, no pet.); *Monsanto Co.*, 25 S.W.3d at 788; *Big D Props., Inc. v. Foster*, 2 S.W.3d 21, 22–23 (Tex. App.—Fort Worth 1999, no pet.).  If an order fails to comply with these requirements, it is void and should be dissolved*.  See Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A.*, 715 S.W.2d at 641; *City of Corpus Christi*, 311 S.W.3d at 708; *Monsanto Co.*, 25 S.W.3d at 788.

Each case in which a temporary injunction is sought presents a unique set of facts; accordingly, "the nature and extent of a trial court's description of the reasons why an applicant will suffer irreparable injury will vary from case to case."  *See El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 747–48 (Tex. App.—Dallas 2011, no pet.).  We assess the adequacy of a trial court's temporary injunction order taking into account the extent to which the description of irreparable injury will:  (1) enable a party against whom the temporary injunction has been issued to understand the basis for the ruling and evaluate the propriety of a challenge to the injunction, and (2) provide an adequate basis for appellate review of the injunction.  *See id.*

With these rules in mind, we examine the order at issue to determine if it "set[s] forth the reasons for its issuance" and is "specific in its terms."  TEX. R. CIV. P. 683.  The portions of the order that address these requirements state that "[t]he Application for Preliminary Injunction is hereby GRANTED for the reasons set forth by this Court's rulings and findings on the record, and also for each and every other reason as may be supported by the evidence presented on May 10, 2012, and legal authorities related thereto."

13

Appellee asserts that the foregoing language meets the requirements of the rules of civil procedure because it expressly states that the injunction is granted "for the reasons set forth by this Court's rulings and findings on the record," and that the trial court's oral rulings at the hearing on the application for injunctive relief included the reasons for entry of the injunction. Appellee asserts that Rule 683's prohibition against an order's "reference to the complaint or other document" applies only to the requirement that the order itself "describe in reasonable detail" the act or acts sought to be restrained.

Applying the standards established by long-established case law, we must disagree. As stated by the Texas Supreme Court:

> Under Rule 683 the reason for the granting of a temporary injunction must be stated in the order. It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered.

*State v. Cook United, Inc.*, 464 S.W.2d 105, 107 (Tex. 1971). The order itself must contain the reasons for its issuance. *See Reliant Hosp. Partners, LLC v. Cornerstone Healthcare Group Holdings, Inc.*, 374 S.W.3d 488, 495 (Tex. App.—Dallas 2012, pet. filed) ("Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms the rule must be followed."); *El Tacaso, Inc.*, 356 S.W.3d at 745 ("Even if a sound reason for granting relief appears elsewhere in the record, the Texas Supreme Court has stated in the strongest terms that rule of civil procedure 683 is mandatory.").

In this case, the order at issue does not state or explain the reasons why irreparable injury will result if the injunction does not issue. Because the grant of the

injunction did not meet the mandatory requirements for compliance with Texas Rule of Civil Procedure 683, we have no choice in our disposition of this matter. We conclude the temporary injunction order is void. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 337; *InterFirst Bank San Felipe, N.A.*, 715 S.W.2d at 641; *see also* TEX. R. CIV. P. 683. We sustain appellant's sole issue.

## VI. CONCLUSION

We reverse the trial court's order granting temporary injunctive relief, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
6th day of March, 2014.

15