

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00589-CV

Margarita **MALDONADO**,
Appellant

v.

Trenton **FRANKLIN** and Karina Franklin,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-24167
Honorable Rosemarie Alvarado, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: February 6, 2019

REVERSED, INJUNCTION DISSOLVED, REMANDED

Appellees Trenton and Karina Franklin sued Appellant Margarita Maldonado. The Franklins alleged Maldonado's actions pertaining to the Franklins' care for their dog were tortious, and they sought temporary injunctive relief against Maldonado. The trial court granted the injunction, and Maldonado appeals. Because the order does not comply with Texas Rule of Civil Procedure 683's requirements, the order is void. We reverse the trial court's order granting the temporary injunction, dissolve the injunction, and remand this cause to the trial court.

BACKGROUND

After the Franklins moved into the home behind hers, Margarita Maldonado began complaining to the Franklins and others about how the Franklins were caring for their dog. Maldonado called Animal Control Services repeatedly to complain about the dog's care. ACS responded to each call and checked on the dog; each time ACS found the dog in good health and the Franklins in compliance with city ordinances regarding the dog's care. Maldonado also expressed her concerns for the dog's care in social media posts, verbal confrontations with the Franklins, and picketing in front of the Franklins' home.

The Franklins sued Maldonado for slander, intrusion on seclusion, and intentional infliction of emotional distress. Pending trial, they sought a temporary injunction to prevent Maldonado from communicating with them, posting references about them, taking pictures or videos of them, their minor children, or their home.

The trial court granted the temporary injunction, and Maldonado appeals.

STANDARD OF REVIEW

"We review a trial court's order granting a temporary injunction for clear abuse of discretion." *Henry v. Cox*, 520 S.W.3d 28, 33 (Tex. 2017); *see Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) (same). "A trial court abuses its discretion by issuing a temporary injunction order that does not comply with the requirements of [R]ule 683." *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.); *accord Kotz v. Imperial Capital Bank*, 319 S.W.3d 54, 57 (Tex. App.—San Antonio 2010, no pet.).

FORM OF TEMPORARY INJUNCTION

Rule 683 governs the form and scope of an injunction; it requires, inter alia, that an "order granting an injunction . . . shall set forth the reasons for its issuance; shall be specific in terms." TEX. R. CIV. P. 683; *accord Kotz*, 319 S.W.3d at 56. "[T]he order [must] set forth the reasons why

the court deems it proper to issue the [injunction] to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the [injunction] does not issue." *Kotz*, 319 S.W.3d at 56 (quoting *Transp. Co. of Tex. v. Robertson Transps., Inc.*, 261 S.W.2d 549, 553 (Tex. 1953)); *accord State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971) (citing *Robertson Transps.*, 261 S.W.2d at 553) ("[I]t is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered.").

"[W]hen setting forth its reasons, the trial court must set forth specific reasons, and not merely make conclusory statements." *Tuma v. Kerr Cty.*, 336 S.W.3d 277, 279 (Tex. App.—San Antonio 2010, no pet.) (citing *Kotz*, 319 S.W.3d at 56 ("The trial court must set forth specific reasons, not merely conclusory statements, in the order granting temporary injunctive relief.")). "Merely stating that a party 'will suffer irreparable harm' or 'has no adequate remedy at law' does not meet the Rule 683 requirement for specificity." *AutoNation, Inc. v. Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *see Cook United*, 464 S.W.2d at 106.

"[A]n order granting a temporary injunction that does not meet [Rule 683's requirements] is subject to being declared void and dissolved." *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000); *accord Tuma*, 336 S.W.3d at 280; *Kotz*, 319 S.W.3d at 56.

### DISCUSSION

The only part of the trial court's order that provides a reason for granting the injunction states as follows:

> The Court finds that the Plaintiffs have a probable right of recovery in this cause and that a temporary injunction is warranted and necessary to prevent irreparable harm, for which the Plaintiffs have no adequate remedy at law.

Contrary to Rule 683's requirements, the order does not specifically state the reasons for granting the injunction. *Contra* TEX. R. CIV. P. 683 (requiring specificity); *Tuma*, 336 S.W.3d at 279 (rejecting mere conclusory statements and noting that "the trial court's amended temporary

injunction sets forth no reasons at all why injury will result in the absence of a temporary injunction" and is thus void); *Kotz*, 319 S.W.3d at 56 (same).

The order's conclusory statements, unsupported by any facts, that the "injunction is warranted and necessary to prevent irreparable harm" and that the Franklins "have no adequate remedy at law" do not meet Rule 683's requirements for specificity. *See Tuma*, 336 S.W.3d at 279; *Kotz*, 319 S.W.3d at 56; *Hatfield*, 186 S.W.3d at 581.

The order fails to state, with specificity, the reasons why the Franklins would suffer irreparable injury if the injunction did not issue; it does not meet Rule 683's requirements. *See Cook United*, 464 S.W.2d at 106; *Tuma*, 336 S.W.3d at 279; *Kotz*, 319 S.W.3d at 56; *Hatfield*, 186 S.W.3d at 581. The order is void. *See Qwest Commc'ns*, 24 S.W.3d at 337 ("[A]n order granting a temporary injunction that does not meet [Rule 683's requirements] is subject to being declared void and dissolved."); *Tuma*, 336 S.W.3d at 280; *Kotz*, 319 S.W.3d at 57.

Because the order is void and we will dissolve the injunction, we need not address Maldonado's other issues attacking the order. *See* TEX. R. APP. P. 47.1; *Kotz*, 319 S.W.3d at 58.

## CONCLUSION

The trial court's order does not state with specificity the reasons why the Franklins would suffer irreparable harm if the injunction did not issue; the order does not comply with Texas Civil Procedure Rule 683's requirements for specificity. Thus, the order is void.

We reverse the trial court's order granting the injunction, dissolve the temporary injunction, and remand this cause to the trial court.

Patricia O. Alvarez, Justice